## CHARLES ROSS *v.* TIMOTHY DOLAND.

1. In an action against the maker by a *bona fide* indorsee, before due and for value, of a negotiable promissory note, the defendant is liable if guilty of negligence in the execution thereof, although he did not intend to sign a note, and was induced, through fraudulent representations as to its character, to believe that the instrument executed was one of a different purport.

2. A person who negligently signs and delivers to another a printed form of a negotiable promissory note containing blanks, without knowing it to be such, is estopped, as against a subsequent *bona fide* holder for value and before due, from denying authority in the person to whom it was delivered to fill the blanks.

ERROR to the Court of Common Pleas of Medina county. Reserved in the district court.

The original action was brought by defendant in error as indorsee of a negotiable promissory note for $200, dated February 16, 1870, payable to Alfred Ingalls or order July 1, 1870, against the plaintiff in error, as maker. The defendant denied the execution of the note, and alleged in his answer that the same was forged, fraudulent, and void.

On the trial it was admitted that the plaintiff was a *bona fide* indorsee of the note before due and for value.

The plaintiff offered the note in evidence, having introduced testimony tending to prove that the defendant's signature thereto was genuine.

" The defendant then introduced evidence tending to prove that on or about the day of the date of said note, two strangers (one of whose names is supposed to be McWilliams), representing themselves to be agents of Alfred Ingalls, the payee named in said note, came to his, the defendant's residence, at Chatham, in said county, and exhibited to him a model of a seed-drill, which they said was invented and patented by said Ingalls, and solicited him to become the agent in his township for the sale of said drills; that after some hesitation he consented to act as such agent, and made arrangement with said agents, by the terms of which he was to receive from said Ingalls, free of charge, a sample drill, to be shipped from his place of residence in Buchanan county, Iowa; was to pay no consideration for or on account of said agency; but was to sell said drills, make collections, and remit a stipulated share of said collections to said Ingalls, and settle with him for all sales he should make; that said agents undertook to reduce said agreement to writing, filled up in writing certain printed blanks they had with them, in duplicate, and professed to read to him said contracts so filled up; that he affixed his signature to said duplicates, said agents taking one and he retaining the other; that said agents in reading said contract suppressed and did not read to him that portion relating to a consideration of $200, and he knew of no such stipulation until after said agents had gone; that it was also agreed that he, the defendant, should send on an order to said Ingalls for a sample drill, and said agents filled up a blank order which they had with them, and upon the back of said order a statement of the defendant's property, which order and statement the defendant signed and retained in his own possession to send to said Ingalls. Exhibit ' C,' attached, is a copy of said contract, and exhibit ' D ' a copy of said order and statement; the words underscored in each being in writing and the remainder printed, and both of said exhibits are made part hereof. The defendant further introduced evidence tending to prove that he mailed said order to said Ingalls, in pursuance of said agreement; that

the same was returned to him from Chicago for better directions, it having been addressed to A. Ingalls, Buchanan county, Iowa, and no seed-drill ever came to him; that he signed no other paper or papers than said contract in duplicate and said order and statement, as before stated, and made four signatures, as stated, and no more; that he signed no paper having on its left margin a vignette, as appeared on said note, and that he and other witnesses inspected, but did not read the papers that he signed, and that no paper which he signed had the figures 200 upon its face, or the written words, or any of them, which appeared in said printed blank note, and that he signed no paper whatever having upon it such figures or writing as shown by exhibits 'A' and 'B,' and that he gave no license or authority to said agents or any other person or persons to write anything over the signatures he affixed to any paper or papers on the occasion aforesaid; nor did he authorize any person to fill any printed blanks to which his signature was affixed, after he had signed the same; that no note was even mentioned during the entire transaction. The papers, of which exhibits 'C' and 'D' are copies, were introduced in evidence and given to the jury. Other evidence was introduced, not deemed material to this bill of exceptions, and the defendant rested."

Thereupon the defendant requested the court to charge the jury :

"1. If the jury find that persons representing themselves as the agents of Alfred Ingalls, the payee named in the note in suit, applied to the defendant to become agent of said Ingalls for the sale of seed-drills of a kind invented and patented by said Ingalls; that it was agreed between said agent and the defendant that no consideration should be paid by said defendant on account of said agency; otherwise, then to settle with said Ingalls for the seed-drills he should sell as such agent, and pay over an agreed share of the moneys collected out of such sales; and that the defendant signed certain papers, thereby intending to constitute himself such agent, in pursuance of said agreement.

And if the jury further find that intending merely to execute a contract of agency and an order for one of said seed-drills, he affixed his signature to a printed blank, which, when said blanks were filled, became the note in suit, and gave no authority to fill said blanks, and that said agent, or other person or persons, without his knowledge or consent, filled said blanks, the filling of said blanks is forgery, and the plaintiff can not recover.

"2. If the jury find the agreement as above stated, and that the signature affixed to the note in suit is the signature of the defendant, and that he affixed his signature to a printed blank with no intention of executing a promissory note, and gave no authority to write anything over his signature, or fill any of said blanks; and afterward the agents of the said Ingalls, or other person or persons, without his knowledge or consent, filled said blanks, and thereby constituted the note in suit, said note is a forgery, and the plaintiff can not recover.

"3. If the jury find the agreement as above stated, and that the defendant signed the note in suit under representations that the same was an order for a seed-drill, and he believed said representations to be true, said note is not his note, and the plaintiff can not recover.

"4. If the jury find that the defendant did not sign the note in suit, said note is a forgery, and the plaintiff can not recover."

The court did charge the fourth instruction aforesaid as prayed; but refused to charge the first, second, and third of said instructions, and the defendant excepted.

Thereupon the court charged the jury in writing, as requested by defendant, upon divers propositions of law involved in the case, to which charge the defendant made a general exception.

Verdict and judgment were rendered for plaintiff below, and it is now alleged for error:

1. That the said court erred in the instructions given to the jury on the trial of said cause.

2. That the said court erred in refusing to give to the

jury the instructions the plaintiff prayed the said court to give.

3. That the said judgment was given to the said Timothy Doland, when the same should have been given to the plaintiff, according to the law of the land.

*N. L. Johnson* for plaintiff in error :

1. It is uniformly held that, if one intrusts his signature to another for the purpose of creating a written obligation, and a promissory note is written over the signature, in pursuance of such arrangement, he is bound by it, although the obligation be of a character entirely different from that agreed on or intended. *Young* v. *Grote*, 4 Bing. 253; *Van Duser* v. *Howe*, 21 N. Y. 531 ; *Mitchell* v. *Colson*, 7 Cowen, 336 ; 1 Parsons on Notes and Bills, 109 et seq.; *Violett* v. *Patton*, 5 Cranch, 142 ; *Russell* v. *Langstaffe*, 2 Doug. 514 ; *Fullerton* v. *Sturges*, 4 Ohio St. 529 ; *Putnam* v. *Sullivan*, 4 Mass. 45.

2. When a note intended to be negotiated is signed, with blank spaces left for the insertion of date, place of payment, or amount, etc., the note carries with it an implied authority to fill the blanks. *Redlich* v. *Doll*, 54 N. Y. 234 ; *Kitchen* v. *Place*, 41 Barb. 465 ; *Griggs* v. *Howe*, 31 Barb. 100; *Bank, etc.* v. *Woodworth*, 18 Johns. 315; *Garrard* v. *Hadden*, 67 Penn. St. 82; *Yocum* v. *Smith*, 63 Ill. 321; *Rainbolt* v. *Eddy*, 34 Iowa, 440.

3. When a complete note is executed and delivered, the addition of any material word or words avoids it as to all makers or indorsers not consenting to the alteration. *Ives* v. *Farmers' Bank*, 2 Allen, 236 ; *Worrall* v. *Gheen*, 39 Penn. St. 388 ; *Goodman* v. *Eastman*, 4 N. H. 455 ; *Stoddard* v. *Penniman*, 108 Mass. 366 ; *Hunt* v. *Gray*, 35 N. J. 227 ; *Britton* v. *Dierker*, 46 Mo. 591 ; *Wallace* v. *Jewell*, 21 Ohio St. 163 ; *Holmes* v. *Trumper*, 22 Mich. 427 ; *Kountz* v. *Kenedy*, 63 Penn. St. 327 ; *Fulmer* v. *Seitz*, 68 Penn. St. 237 ; *Neff* v. *Horner*, 63 Penn. St. 329 ; *Fay* v. *Smith*, 1 Allen, 477 ; *Wade* v. *Wittington*, Ib. 561.

4. Detaching a written memorandum from the margin

of a note, explanatory of its terms, or of the nature of the liability, and negotiating the note, is forgery, and avoids the note. *Benedict* v. *Cowden*, 49 N. Y. 396; *State* v. *Stratton*, 27 Iowa, 282; *Wheelock* v. *Freeman*, 13 Pick. 165; *Waite* v. *Pomeroy*, 20 Mich. 425.

5. When the maker's signature to a note is obtained by fraud, and there is no voluntary delivery by the maker, it is void in the hands of a *bona fide* holder for value. *Cline* v. *Guthrie*, 42 Ind. 227; *Gibbs* v. *Linbury*, 22 Mich. 479; *Burson* v. *Henderson*, 21 Mich. 415.

A careful analysis discloses no case that approaches the doctrine laid down by the learned judge in his charge. In every case in which a person has been held liable on a promissory note, his *intention* to make a note or other written obligation, when he affixed his signature, appears.

*J. H. Dickson*, for defendant in error:

The plaintiff could read and did not, but signed without reading, trusting to the other contracting party, "two strangers," to furnish him knowledge of what he signed, and then trusting to them one of the papers so signed.

This was gross negligence on the part of plaintiff, and if one of the papers he so signed, turned out to be a promissory note in the hands of a *bona fide* indorsee, he surely, on principle as well as authority, should suffer instead of the innocent holder who bought the note for a valuable consideration in the usual course of business and before maturity. *Sellers* v. *Brock*, 3 Ohio St. 302; *McKesson* v. *Stanberry*, 3 Ohio St. 158; *Foster* v. *McKinnon*, 38 L. J. (N. S.) 310; *Putnam* v. *Sullivan*, 4 Mass. 45; 54 Ill. 196; 22 Mich. 479; *Abbott* v. *Rose*, 62 Me. 194; *Chapman* v. *Rose*, 56 N. Y. 137; *Douglass* v. *Matling*, 29 Iowa, 498; 4 Am. 238; *Phelan* v. *Moss*, 67 Penn. 59; *Zimmerman* v. *Rote*, 75 Penn. 188; *Hamilton* v. *Vaught*, 34 N. Y. 187; *Citizens' Nat. Bank* v. *Smith*, N. H., in Jan. No. 1876, Law Record, Cin.

McILVAINE, J. The exception to the charge as given to

the jury was general. It is not now contended that the whole charge was erroneous. Many propositions therein contained were unquestionably the law of the case. And there being no doubt, from the whole record, that the verdict and judgment were right, there is no reason for departing from the rule laid down in *Adams* v. *The State*, 25 Ohio St. 585.

The principle involved in the second assignment for error was considered and stated in the case of *DeCamp* v. *Hamma*, supra, 467. The special requests to charge, which were refused, ignored the test by which the liability of the defendant below should have been determined, to wit: whether or not he was guilty of negligence in signing and delivering the note sued on without knowledge of its true character.

Where a negotiable instrument, with the genuine signature of a prior party, comes into the hands of a *bona fide* holder for value before maturity, the presumption is in favor of its validity; and if such party seeks to escape liability, on the ground that it was not voluntarily executed, the burden of showing that fact rests upon him, and also to show that he was without negligence in the premises.

And the same principle applies, where the defense is that blanks in a printed form were filled, without authority, subsequent to the delivery. The signing and delivery of a printed form, with blanks, which, when filled up in accordance with the tenor and apparent purpose of the paper, makes it a negotiable promissory note, is such carelessness in the signer as will estop him from denying the authority for filling the blanks, as against an innocent holder before maturity and for value.

*Judgment affirmed.*